IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES EARL CRENSHAW,           )
                               )
          Plaintiff,           )
                               )
     v.                        )          CASE NO. 2:07-CV-793-MHT
                               )                    [WO]
                               )
COOSA COUNTY JAIL, et al.,     )
                               )
          Defendants.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a 42 U.S.C. § 1983 action in which James Earl Crenshaw ["Crenshaw"], a county inmate, challenges the constitutionality of actions undertaken with respect to a theft charge pending against him before the Circuit Court of Coosa County, Alabama. Crenshaw also alleges that individuals at a Wal-Mart jumped on him during his apprehension for this offense and complains of actions taken against him during his confinement in the Coosa County Jail. Crenshaw seeks dismissal of the pending criminal charge and monetary damages from the defendants.

Upon review of the complaint, the court concludes that Crenshaw's claims against the Coosa County Jail, Wal-Mart and Judge Rochester, and his allegations regarding the pending criminal charge are due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to

## DISCUSSION

### A.  The Coosa County Jail

Crenshaw names the Coosa County Jail as a defendant in this cause of action.  A county jail is not a legal entity subject to suit or liability under section 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Crenshaw's claims against the Coosa County Jail are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

### B.  Wal-Mart

Crenshaw complains that when he entered a Wal-Mart in Sylacauga, Alabama "some people jump[ed] on me...."  *Plaintiff's Complaint* at 3.  Crenshaw seeks monetary damages from Wal-Mart for the actions of these individuals.  This claim entitles Crenshaw to no relief.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983

---

dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))…. [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear that neither Wal-Mart nor persons shopping or employed by this entity are state actors. Moreover, the actions about which Crenshaw complains as to Wal-Mart are not in any way be attributable to the State. In light of the foregoing, the court concludes that the instant claims against Wal-Mart are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Judge Rochester and the Pending Criminal Charge

Crenshaw argues that Judge Rochester is violating his constitutional rights during proceedings related to a criminal charge pending before the Circuit Court of Coosa County, Alabama. Specifically, Crenshaw complains that Judge Rochester is allowing his confinement for a crime he did not commit, i.e., theft of property, and has refused his request for appointment of a different attorney to represent him in the criminal case. The claims against Judge Rocheter provide no basis for relief in this cause of action.

1. <u>The Request for Monetary Damages</u>.  It is clear that all of the allegations made by the plaintiff against Judge Rochester emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he has jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, the plaintiff's claims for monetary damages against Judge Rochester are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

2. <u>Declaratory Relief from Pending Criminal Charge</u>.  Crenshaw argues that he did not commit a criminal offense and seeks dismissal of the theft charge pending against him before the Circuit Court of Coosa County, Alabama.  He also complains that his request for appointment of new counsel has been denied by the trial court.  Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

against federal interference with state criminal prosecutions." *Id*. at 43.  In this case, Crenshaw has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Specifically, he can seek reconsideration of or appeal any adverse decision issued by the trial court and may challenge the sufficiency of the evidence throughout the on-going state criminal proceedings.  Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm.  The mere fact that Crenshaw must endure state criminal proceedings fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45.  This court must therefore abstain from considering the merits of Crenshaw's claims which challenge the constitutionality of the criminal charge pending against him, the actions of the trial court regarding this charge and his confinement resulting from the charge as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.  *Id*. at 43-44.  Consequently, summary dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Coosa County Jail, Wal-Mart and Judge Rochester be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.  The Coosa County Jail, Wal-Mart and Judge Rochester be dismissed as defendants

in this cause of action

3.  The plaintiff's challenges to the constitutionality of the criminal charge pending against him before the Circuit Court of Coosa County, Alabama be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

4.  This case, with respect to the plaintiff's claims against Sheriff Terry Wilson and Lt. Stover, be referred back to the undersigned for appropriate proceedings.[3]

It is further

ORDERED that **on or before September 20, 2007** the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

---

[3]Crenshaw complains that Sheriff Wilson falsely accused him of a crime and maintains that Lt. Stover opened his legal mail outside his presence.

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of September, 2007.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

7