IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EARL CRENSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:07-cv-00793-MHT-CSC |
| | ) |
| COOSA COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S REPONSE TO
DEFENDANTS' SPECIAL REPORT**

COME NOW Sheriff Terry Wilson and Lieutenant David Stover, the Defendants in the above-styled cause, and submit their Reply to Plaintiff's Response and Supplemental Response to their Special Report.

**INTRODUCTION**

On October 8, 2007, these Defendants filed their Special Report and Answer to the Plaintiff's *pro se* Complaint.  (Docs. 12, 13.)  On October 9, 2007, this Court ordered the Plaintiff to file a Response to the Defendants' Special Report.  (Doc. 14.)  On October 17, 2007, the Plaintiff filed his Response, and on October 18, 2007, the Plaintiff filed his Supplemental Response.  (Docs. 16, 17.)

In his Response, the Plaintiff attempts to sidestep his failure to comply with the Coosa County Jail's grievance procedures by attaching a document that purports to be a grievance, which the Plaintiff alleges he submitted.  However, the Plaintiff has provided nothing to indicate when, or if, he filed this grievance with the Coosa County Jail, nor has he properly authenticated the document, as the Court's July 16, 2007, Order requires.  The other allegations in the Response do not address the numerous grounds in the Defendants' Special Report that entitle them to a summary judgment.

ARGUMENT

I.   PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS.

On October 9, 2007, this Court entered an Order stating: "[I]n filing a response to the Defendants' report the Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials." (Doc. 14, p. 3.) Despite this Court's Order, the Plaintiff has failed in his Response to submit valid affidavits, declarations, or other evidentiary materials. Although the Plaintiff has filed what purports to be an affidavit in his Response (Doc. 16), this document is not notarized, so it would be, at best, a declaration. However, the document fails to meet the minimum requirements for a declaration under Rule 56(e), Fed. R. Civ. P.

Pursuant to 28 U.S.C. § 1746, an unsworn declaration may be used "[w]herever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit . . . ." Such declarations are subject to the same requirements as affidavits submitted to support and oppose summary judgment. Capital Cities/ABC, Inc. v. Ratcliff, 953 F. Supp. 1228, 1233 (D. Kan. 1997), aff'd 141 F.3d 1405 (10th Cir. 1998), cert. denied 525 U.S. 873 (1998). Rule 56(e) of the Federal Rules of Civil Procedure states that affidavits offered in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence**, and *shall show affirmatively that the affiant is competent to testify to the matters stated therein*." (Emphasis added.) Here, the statement produced by the Plaintiff that purports to be an affidavit makes no showing as to whether that the Plaintiff is competent to testify. Furthermore, the Plaintiff did not make any of the statements in the purported affidavit under the penalty of perjury. For a declaration to be valid, 28 U.S.C. § 1746

2

requires that the declarant sign the document with the following statement, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Nothing in the Plaintiff's purported affidavit indicates that the statements therein were made "under the penalty of perjury." Accordingly, this Court should disregard the purported affidavit of the Plaintiff, because it is neither a valid affidavit nor a valid declaration.

This Court's July 31, 2007, Order further provided, "If documents are referenced in opposing affidavits and have not been previously filed with the Court, sworn or certified copies of those papers must be attached to the affidavits or served with them." (Doc. 14, p. 3.) Attached to his Response, the Plaintiff has submitted a document that apparently supports the Plaintiff's contention that he has complied with the mandatory exhaustion requirement of § 1997e(a) of the Prison Litigation Reform Act. The Plaintiff has failed to attach any sworn statement verifying that this document is a true and correct copy of the document that it purports to be. Rather, in his "Affidavit" the Plaintiff only states that "enclosed is a Grievance form with the date of 8-14-07." (Doc. 16, Statement of James Earl Crenshaw.) Nowhere in his testimony does the Plaintiff indicate that the grievance form submitted to the Court in the Plaintiff's Response is a true and correct copy of a grievance he submitted to the Jail Administrator of the Coosa County Jail.[1] Instead, it appears from the Plaintiff's purported affidavit that the Plaintiff merely filled out a grievance form with the date of the alleged incidents in order to retroactively comply with the mandatory exhaustion requirements of the Prison Litigation Reform Act. Because this document is not self-authenticating, as provided by Rule 902 of the Federal Rules of Evidence, it has not been properly authenticated as required by the Federal Rules of Evidence and this Court's July 31, 2007, Order.

---

[1] The only statement in the Plaintiff's purported affidavit that uses the language "true and correct" refers to the "foregoing statements," presumably, those made in his Response. (Doc. 16, Statement of James Earl Crenshaw.)

In Plaintiff's Response to Defendants' Special Report, he contends that he filed a grievance prior to filing his Complaint. (Doc. 16, p. 1.) However, under the policy of the Coosa County Jail, an inmate will not be provided a copy of a grievance after he has submitted it. (Supplemental Affidavit of Mike Mull, "Supp. Mull Aff.," ¶ 2.) The document submitted to the Court, therefore, cannot be a copy of any grievance that was submitted to the Coosa County Jail Administrator. More likely, that document is a grievance form that the Plaintiff has requested, filled out, and back-dated to appear as if it were a properly filed grievance that complied with the Coosa County Jail grievance procedure. Additionally, as Coosa County Jail policy dictates, and as all other request forms submitted by the Plaintiff indicate, once such a form is submitted, the receiving officer writes a response in the space provided on the form. (Ex. D to Doc. 12, Affidavit of Mike Mull, "Mull Aff.," ¶ 12; Supp. Mull Aff., ¶ 5; see also, Ex. E to Doc. 12, Inmate File of James Earl Crenshaw, "Inmate File.") The document submitted by the Plaintiff does not have any response written on it by the receiving officer, as is required by Coosa County Jail policy.

Further, it is the policy of the Coosa County Jail that a copy of any grievance submitted by an inmate is placed in that inmate's file. (Supp. Mull Aff. ¶ 3.) As this Court can determine for itself by reviewing the copy of the Plaintiff's inmate file, which was submitted as Exhibit E to the Special Report, the Plaintiff never submitted a grievance form regarding the incidents alleged in his Complaint ***prior to the filing of this action***, because there is no copy of any such grievance form in the Plaintiff's inmate file. (Supp. Mull Aff. ¶ 4; Mull Aff., ¶ 14; Inmate File.) Accordingly, the grievance submitted with the Plaintiff's Response to the Defendants' Special Report could not have been submitted to Jail Administrator, because there is no copy of any grievance in the Plaintiff's inmate file, and because, had the Plaintiff submitted this grievance, he would not have had a copy of that grievance to submit to this Court.

Therefore, the evidence as presented by the Defendants should be accepted as undisputed. These Defendants have affirmatively shown that the Plaintiff has failed to comply with the mandatory exhaustion requirements of § 1997e(a) of the Prison Litigation Reform Act. Accordingly, the Plaintiff's claims are due to be dismissed.

## II.     PLAINTIFF'S CLAIMS FAIL ON THEIR MERITS.

As set forth in the Defendants' Special Report, these Defendants are entitled to summary judgment on all Plaintiff's claims because the Plaintiff has failed to establish a constitutional violation and because he cannot show that there existed any clearly established law that would give the Defendants fair warning that their conduct was unlawful.

Regarding the claim alleged in the Complaint against Lieutenant Stover, the Plaintiff mischaracterizes the Special Report, arguing that these Defendants "admit[] that the plaintiff's legal mail was opened" in violation of Coosa County Jail policy. (Doc. 17, ¶¶ 3-4.) In fact, Lieutenant Stover's testimony in his affidavit was that the mail in question "had been sealed with a piece of tape on the envelope flap. ***It did not appear to have been opened***." (Ex. C to Doc. 12, Affidavit of David Stover, "Stover Aff.," ¶ 10, emphasis added.) In this regard, the Special Report stated, "Upon receipt of the mail, Lieutenant Stover noticed that the envelope had been sealed with a piece of tape on the envelope flap." (Doc. 12, citing Stover Aff., ¶ 10.) These Defendants have not, and do not, concede that the Plaintiff's legal mail was opened prior to his receipt of it; rather, they contend that someone had merely placed a piece of tape on the envelope flap, perhaps as an additional means of sealing the envelope. The Plaintiff has offered no evidence or allegations in his Response or Supplemental Response to show why his claims against Lieutenant Stover should not be dismissed as a matter of law.

Further, the Plaintiff has offered no evidence or allegations in his Response or in his Supplemental Response to show why his claims against Sheriff Wilson should not be dismissed

as a matter of law. Instead, in his Supplemental Response, the Plaintiff has inappropriately attempted to allege an additional claim against Sheriff Wilson not set forth in his Complaint. In his Supplemental Response, the Plaintiff attempts to allege a potential substantive due process claim for the removal of the Plaintiff's status as an inmate worker. (Doc. 17, ¶¶ 5-7.) These Defendants have not had an opportunity to investigate and respond to this claim. Nevertheless, this additional claim should not be considered as part of the Plaintiff's Complaint, because the Plaintiff has already moved to amend his Complaint and this Court has denied his motion to amend.[2] (Docs. 8, 10.) The Plaintiff cannot circumvent this Court's Order denying his Motion to Amend by alleging a new claim in his Supplemental Response to the Defendants' Special Report. See Ballou v. Smith, 2007 WL 959151 *1 n.1 (S.D. Ga. 2007) (stating that plaintiff must amend his complaint to contain grounds for relief not originally stated in the complaint).

In his Response, the Plaintiff has not disputed that he has failed to allege any wrongdoing or causal connection with regard to Sheriff Wilson or Lieutenant Stover as to the claims the Plaintiff alleged in his Complaint. The Plaintiff's bare allegations without supporting evidence are insufficient to defeat the Defendants' undisputed evidence. See Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) quoting Mass. School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998) (en banc) ("A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"). Because the undisputed evidence before this Court shows that Sheriff Wilson and Lieutenant Stover did nothing to cause any alleged violation of the Plaintiff's constitutional rights, these Defendants are entitled to a dismissal of all claims brought against them as a matter of law.

---

[2] Should this Court construe the addition of claims in the Plaintiff's Response as a Motion to Amend the Plaintiff's original *pro se* Complaint, the Defendants request that they be permitted to file a supplemental Special Report to respond to those claims.

6

## CONCLUSION

Because the Plaintiff has not met his burden in overcoming the Defendants' qualified immunity or showing that he met the requirements of the Prison Litigation Reform Act, as set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment in their favor.

Respectfully submitted this the 24th day of October, 2007.

**s/Joseph L. Hubbard, Jr.**
JOSEPH L. HUBBARD, JR., Bar Number HUB015
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  jhubbard@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of October, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

James Earl Crenshaw
Coosa County Jail
P. O. Box 279
Rockford, Alabama  35136

**s/Joseph L. Hubbard, Jr.**
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EARL CRENSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:07-cv-00793-MHT-CSC |
| | ) |
| COOSA COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

### SUPPLEMENTAL AFFIDAVIT OF MIKE MULL

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF COOSA | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Mike Mull, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. Inmates are provided grievance forms upon request.

2. At all times relevant to Mr. Crenshaw's Complaint, it has been the policy of the Coosa County Jail that an inmate will not be provided a copy of a grievance after submitting it.

3. It is the policy of the Coosa County Jail that if any grievance is submitted by an inmate, a copy of the grievance must be placed in his inmate file.

4. There is no copy of any completed grievance form in the inmate file of James Earl Crenshaw that involves any incidents relevant to his Complaint.

5. The grievance form that Mr. Crenshaw attached to his Response was never submitted to me, nor was it submitted to any of my staff. Had Mr. Crenshaw submitted a grievance form I would have received it and there would be a written response in the space provided on the form.

1

6.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the 22 day of October, 2007.

_____
Mike Mull

**SWORN TO** and **SUBSCRIBED** before me this 22 day of October, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 8/2/11